IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CUONG QUANG LE,**

        Plaintiff,

v.

**WILLIAM MCNAMEE, District Director, Oregon District, United States Citizenship & Immigration Service (USCIS),**

        Defendant.

06-CV-49-BR

OPINION AND ORDER

**TILMAN HASCHE**
**DAGMAR BUTTE**
Parker, Bush & Lane, P.C.
1336 E. Burnside, Suite 200
Portland, OR  97214
(503) 241-1320

        Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**KENNETH C. BAUMAN**
Assistant United States Attorney
1000 SW Third, Suit 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant William McNamee's Motion to Dismiss (#11). The Court heard oral argument on August 11, 2006. At the conclusion of the hearing, the Court allowed the parties to submit supplemental briefs to clarify their arguments. After the supplemental briefing was completed, the Court took Defendant's Motion under advisement on August 25, 2006.

For the reasons that follow, the Court **GRANTS in part** Defendant's Motion to the extent the Court concludes it does not have the authority to declare that Plaintiff is *prima facie* eligible for naturalization and **DENIES in part** Defendant's Motion to the extent the Court concludes Defendant has jurisdiction to determine Plaintiff's *prima facie* eligibility for naturalization while removal proceedings are pending.

## BACKGROUND

Plaintiff Cuong Quang Le is a citizen of Vietnam. On May 13, 1993, Plaintiff entered the United States as a Lawful Permanent Resident (LPR).

On April 5, 1996, Plaintiff was convicted of two counts of burglary and sentenced to sixty months of probation.

On June 1, 2001, Plaintiff married a United States citizen.

On January 22, 2005, Plaintiff traveled to Vietnam. On

February 23, 2005, Plaintiff returned to the United States and applied for admission as a returning LPR.  Customs and Border Protection (CBP), a division of the Department of Homeland Security (DHS), deferred Plaintiff's inspection until April 7, 2005.

On March 31, 2005, Plaintiff filed an Application for Naturalization with the United States Citizenship and Immigration Service (USCIS), the agency within the DHS charged with adjudicating immigration "benefits."

On April 7, 2005, the CBP determined Plaintiff was not admissible to the United States on the basis of his 1996 criminal convictions; denied Plaintiff admission; and referred Plaintiff to the Bureau of Immigration and Customs Enforcement (ICE), the agency within the DHS charged with domestic enforcement of immigration laws.

On April 9, 2005, ICE initiated removal proceedings against Plaintiff in Immigration Court on the ground that Plaintiff was not admissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because he had been convicted of a crime of moral turpitude.

On June 2, 2005, Plaintiff filed a motion to terminate removal proceedings in Immigration Court pursuant to 8 C.F.R. § 1239.2(f).

On June 14, 2005, Plaintiff's counsel requested the USCIS to issue a letter to the Immigration Court finding Plaintiff *prima*

3 - OPINION AND ORDER

*facie* eligible for naturalization so the Immigration Court could terminate removal proceedings and the USCIS could consider Plaintiff's Application for Naturalization.

On July 21, 2005, Defendant William McNamee, USCIS Portland District Director, issued a decision denying Plaintiff's Application for Naturalization on procedural grounds based on the "priority provision" of 8 U.S.C. § 1429 as well as *Bellajaro v. Schiltgen*, 378 F.3d 1042 (9th Cir. 2004), and *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 970 (9th Cir. 2003). Defendant, however, refused to make a finding as to Plaintiff's *prima facie* eligibility for naturalization.

On August 19, 2005, Plaintiff filed a request for a hearing on the denial of his Application pursuant to 8 U.S.C. § 1447(a) and 8 C.F.R. § 336.

On September 13, 2005, Defendant issued a decision affirming his July 21, 2005, denial of Plaintiff's Application and advising Plaintiff of his right to seek review of the agency's decision by the District Court within 120 days pursuant to 8 U.S.C. § 1421(c).

Removal proceedings as well as Plaintiff's motion to terminate those proceedings are still pending in Immigration Court.

On January 11, 2006, Plaintiff filed a Complaint in this Court seeking relief under the Declaratory Judgment Act, 28

4 - OPINION AND ORDER

U.S.C. § 2201.[1]  Plaintiff seeks (1) a declaration by this Court as to whether Plaintiff is *prima facie* eligible for naturalization or, in the alternative, (2) a declaration that Defendant has jurisdiction to make a determination of Plaintiff's *prima facie* eligibility for naturalization.  If the Court declares Defendant has jurisdiction, Plaintiff requests an order from the Court requiring Defendant to reopen Plaintiff's Application for Naturalization and to determine Plaintiff's *prima facie* eligibility.

On April 6, 2006, Defendant filed a Motion to Dismiss on the grounds that the Court lacks subject-matter jurisdiction and that Plaintiff has failed to state a claim.

## STANDARDS

### I.   Subject-Matter Jurisdiction

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations.  *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005).  The court may permit discovery to determine whether it has jurisdiction.  *Data Disc, Inc. v. Sys.*

---

[1] Plaintiff also brought a claim under 8 U.S.C. § 1447(b). Plaintiff, however, conceded at oral argument that the Court does not have jurisdiction over this matter under § 1447(b), and, as a result, Plaintiff withdrew that claim.

5 - OPINION AND ORDER

*Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The court has broad discretion in granting discovery and may narrowly define the limits of such discovery. *Id.* When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

The plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Ass'n of Am. Med. Coll. v. U.S.*, 217 F.3d 770 (9th Cir. 2000).

**II. Failure to State a Claim**

Dismissal under Fed. R. Civ. P. 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency.  *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  See also *Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DISCUSSION

As noted, Plaintiff seeks (1) a declaration by this Court as to whether Plaintiff is *prima facie* eligible for naturalization or, in the alternative, (2) a declaration that Defendant has jurisdiction to make a determination of Plaintiff's *prima facie* eligibility for naturalization.  If the Court declares Defendant has jurisdiction, Plaintiff requests an order from the Court requiring Defendant to reopen Plaintiff's Application for Naturalization and to determine Plaintiff's *prima facie* eligibility.

Defendant contends this Court does not have jurisdiction to make a determination regarding Plaintiff's eligibility and that Defendant may not determine Plaintiff's *prima facie* eligibility for naturalization as long as removal proceedings are pending

against Plaintiff.

**I.   Burden of Proof in Naturalization Proceedings**

8 U.S.C. § 1427(a) provides in pertinent part:

> No person . . . shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . . and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character.

The burden to establish eligibility for naturalization is on the alien. *Berenyi v. Dist. Dir., Immigr. and Naturalization*, 385 U.S. 630, 636-67 (1967). When there is doubt concerning a grant of United States citizenship, the doubt generally should be resolved in favor of the United States. *Id*. at 637.

**II.  History of the Naturalization Process**

The Ninth Circuit set forth the background and interaction of the statutes that govern naturalization and removal in *Bellajaro*:

> Before 1990, district courts had authority to naturalize, while authority to deport (or in current terminology, to "remove") aliens was vested in the Attorney General. This differentiation of function gave rise to a "race between the alien to gain citizenship and the Attorney General to deport. . . ." *Shomberg v. United States*, 348 U.S. 540, 544 (1955). Section 1429

8 - OPINION AND ORDER

was enacted in 1952 to put an end to the race. It provided that "no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding . . . ." 8 U.S.C. § 1429 (1952). Then in 1990, Congress decided to vest all authority to naturalize in the Attorney General, 8 U.S.C. § 1421(a), and conformed § 1429 by changing "a naturalization court" to "the Attorney General" so that § 1429 now reads:

> [N]o application for naturalization shall be considered by the Attorney General[2] if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued . . . : Provided, that the findings of the Attorney General in terminating removal proceedings or in canceling the removal of an alien pursuant to the provisions of this chapter, shall not be deemed binding in any way upon the Attorney General with respect to the question of whether such person has established his eligibility for naturalization as required by this subchapter.

8 U.S.C. § 1429 (1990). At the same time that § 1421(a) was adopted and § 1429 was amended, Congress provided for judicial review in § 1421(c):

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be

---

[2] Initially the Attorney General delegated the naturalization function to the INS. "[T]he INS[, however,] ceased to exist as an independent agency and delegate of the Attorney General . . . when its functions, including naturalization, were transferred to the [DHS]." 378 F.3d at 1043 n.1.

9 - OPINION AND ORDER

> de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.
>
> 8 U.S.C. § 1421(c).
>
> We have recognized that "[t]he natural reading of [§ 1429] is that removal proceedings and final removal orders are to take precedence over naturalization applications." *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 970 (9th Cir. 2003).

378 F.3d at 1045.

**III. This Court Has Jurisdiction to Review the Denial of Plaintiff's Application for Naturalization.**

8 U.S.C. § 1421(c) grants jurisdiction to district courts to review the denial of a naturalization application. Although Plaintiff does not directly ask the Court to review Defendant's denial of Plaintiff's Application for Naturalization, Plaintiff requests the Court to order Defendant to reopen his Application. Accordingly, the Court will review Defendant's denial of Plaintiff's Application.

    **A.    Standard of Review**

8 U.S.C. § 1421(c) provides the Court's review of Defendant's denial of Plaintiff's Application for Naturalization must be *de novo*.

    **B.    Review of Denial**

The meaning of § 1429 is clear on its face: Defendant may not "consider" an application for naturalization if a removal proceeding is pending against the applicant.

10 - OPINION AND ORDER

Here a removal proceeding was pending against Plaintiff at the time he applied for naturalization. The Court, therefore, concludes Defendant properly denied Plaintiff's Application for Naturalization. Moreover, the removal proceeding remains pending, and, therefore, Defendant still may not "consider" the underlying merits of Plaintiff's Application.

Accordingly, the Court declines to order Defendant to reopen Plaintiff's Application for Naturalization.

## IV. This Court Lacks Jurisdiction to Determine Plaintiff's *Prima Facie* Eligibility for Naturalization.

Plaintiff also asks the Court to determine Plaintiff's *prima facie* eligibility for naturalization.

The Ninth Circuit has held

> [when] the [USCIS] has denied an application for naturalization on the basis of § 1429 because removal proceedings are pending, the district courts have jurisdiction to review the denial but the scope of review is limited to "such" denial.

*Bellajaro*, 378 F.3d at 1046-47 (citing *Zayed v. U.S.*, 368 F.3d 902, 906 (6th Cir. 2004)). "When the administrative denial is based on § 1429, therefore, judicial review is limited to that determination." *Id*. at 1047. In other words, "the scope of review extends only to the determination that was actually made by the agency." *Id*. at 1043. Thus, the Court may not consider the merits of Plaintiff's Application for Naturalization nor determine whether Plaintiff is either entitled to or eligible for naturalization. *Id*. at 1046-47.

11 - OPINION AND ORDER

Accordingly, pursuant to *Bellajaro*, the Court concludes it lacks jurisdiction under § 1421(c) to declare whether Plaintiff is *prima facie* eligible for naturalization.

**V. Defendant Has Jurisdiction to Make a Decision as to Plaintiff's *Prima Facie* Eligibility for Naturalization.**

Finally, Plaintiff requests the Court to declare Defendant has jurisdiction to determine Plaintiff's *prima facie* eligibility for naturalization and to order Defendant to make such a determination. Plaintiff, in fact, contends 8 C.F.R. § 1239.2(f) and the Board of Immigration Appeals (BIA) decision in *Matter of Cruz*, 15 I&N Dec. 236 (BIA 1975), create a regulatory scheme that requires Defendant to determine Plaintiff's *prima facie* eligibility for naturalization.

Defendant argues he is not authorized to determine whether Plaintiff is *prima facie* eligible for naturalization because he would have to consider Plaintiff's Application for Naturalization to do so and such consideration is prohibited expressly by 8 U.S.C. § 1429 when removal proceedings are pending against the applicant.

    **A. Applicability of *Cruz***

In *Matter of Cruz*, the Bureau of Immigration Affairs (BIA) analyzed 8 C.F.R. § 242.7, the regulation in effect before § 1239.2(f).[3] The BIA noted neither the BIA nor immigration

---

[3] 8 C.F.R. § 242.7 provided in pertinent part:

12 - OPINION AND ORDER

judges have the ability to make independent determinations of *prima facie* eligibility for naturalization. 15 I&N Dec. at 237. The BIA held, however, that *prima facie* eligibility "may be established by an affirmative communication from the [INS] or by a declaration of a court that the alien would be eligible for naturalization but for the pendency of the deportation process." *Id*.

Several courts have questioned whether *Cruz* remains good law because courts had authority under § 1421(a) to naturalize aliens at the time the BIA decided *Cruz*, but Congress removed the courts' power to naturalize aliens and vested that power exclusively in the Attorney General with the 1990 amendments to § 1421. *See Bellajaro*, 378 F.3d at 1047 ("We doubt that *Cruz* remains good law given that courts no longer naturalize."). *See also Apokarina v. Ashcroft*, 232 F. Supp. 2d 414, 417 (E.D. Pa. 2002), *aff'd Apokarina v. Ashcroft*, No. 02-4265, 2004 WL 742286 (3d Cir. Apr. 7, 2004); *Saba-Bakare v. Ridge*, No. H-04-4588, 2006 WL 1350298 (S.D. Tex. May 16, 2006) (a "declaration [regarding *prima facie* eligibility] seems purely

---

> [An immigration judge] may, in his discretion, terminate deportation proceedings to permit respondent to proceed to a final hearing on a pending application or petition for naturalization when the respondent has established prima facie eligibility for naturalization and the case involves exceptionally appealing or humanitarian factors.

13 - OPINION AND ORDER

advisory for discretion to prosecute and to adjudicate removal proceedings is reposed exclusively in the Attorney General."). Even though these courts question whether *Cruz* still governs on the issue of the courts' authority to determine *prima facie* eligibility, the Court notes they do not examine whether *Cruz* governs as to the Attorney General's authority to decide an applicant's *prima facie* eligibility for naturalization when a removal proceeding is pending.  Although this Court agrees it does not have the authority to decide an applicant's *prima facie* eligibility for naturalization after the 1990 amendments to § 1421 and *Bellajaro*, this Court, nevertheless, must determine whether the Attorney General still has that authority pursuant to *Cruz*.

In *Cruz*, the BIA noted its authority to terminate deportation proceedings to permit an alien to proceed with an application for naturalization prior to the promulgation of § 242.7 "was based solely on the broad grant of authority in . . . 8 CFR 3.1(d)(1)."  15 I&N Dec. at 237 (citing *Matter of B--,* 6 I&N Dec. 713 (BIA 1955)(establishes the "inherent authority in the Attorney General to terminate deportation proceedings for the limited purpose of permitting the alien to file a petition for naturalization and to be heard thereon by a naturalization court.").  The BIA further noted there were "no clear guidelines [prior to the promulgation of § 242.7] with

14 - OPINION AND ORDER

respect to the exercise of this power."  *Id*.  The BIA determined the regulation established "reasonable criteria which [the BIA] shall employ in resolving . . . request[s] for termination of [removal] proceedings."  *Id*.  The BIA then noted neither the BIA nor immigration judges have any authority with respect to naturalization and, therefore, concluded an alien "may establish *prima facie* eligibility for naturalization by an affirmative communication from the [INS] or by a declaration of a court that the alien would be eligible for naturalization but for the pendency of the deportation proceedings."  *Id*.

Thus, even though this Court agrees the portion of the *Cruz* decision that held a court could declare an alien is *prima facie* eligible for naturalization is no longer good law in light of § 1429 and *Bellajaro*, the Court, nevertheless, concludes the BIA's decision in *Cruz* with respect to the ability of the INS and, by extension, the USCIS, to determine an alien's *prima facie* eligibility for naturalization remains good law.

    **B.**    **Application of *Cruz* and § 1239.2(f)**

8 C.F.R. § 1239.2(f) provides in pertinent part:

> An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien


has established prima facie eligibility for

15 - OPINION AND ORDER

> naturalization and the matter involves exceptionally appealing or humanitarian factors.

Defendant contends § 1429 prohibits him from considering an application for naturalization while a removal proceeding is pending, and, therefore, he may not determine Plaintiff's *prima facie* eligibility for naturalization because it would require Defendant, in effect, to consider Plaintiff's Application.  Plaintiff, however, argues a determination of *prima facie* eligibility by Defendant would not require consideration of Plaintiff's underlying Application.

Although § 1429 clearly prohibits Defendant from considering an application for naturalization, it does not explicitly prohibit Defendant from making a determination of *prima facie* eligibility.  In fact, § 1429 specifically provides

> the findings of the Attorney General in terminating removal proceedings . . . pursuant to the provisions of this chapter, shall not be deemed binding in any way upon the Attorney General with respect to the question of whether such person has established his eligibility for naturalization.

Thus, Defendant is not bound to a final decision as to an application for naturalization by his recommendation to the Immigration Judge regarding the applicant's *prima facie* eligibility.  In addition, Defendant has denied Plaintiff's

16 - OPINION AND ORDER

Application for Naturalization on the basis that a removal proceeding is pending.  Thus, if Defendant determined Plaintiff's *prima facie* eligibility, that determination would not involve consideration of Plaintiff's Application for Naturalization.

Accordingly, the Court concludes on this record that § 1429 and *Bellajaro* do not prohibit Defendant from determining Plaintiff's *prima facie* eligibility for naturalization.

### C. Defendant Has Discretion to Determine Plaintiff's *Prima Facie* Eligibility for Naturalization.

In *Cruz*, the BIA held an alien "may" obtain a recommendation of *prima facie* eligibility for naturalization from what is now the USCIS.  The BIA's use of the word "may" indicates it is within Defendant's discretion to decide an applicant's *prima facie* eligibility for naturalization.

The Court, therefore, concludes Defendant has jurisdiction to determine Plaintiff's *prima facie* eligibility for naturalization when removal proceedings are pending.

## CONCLUSION

For these reasons, the Court **GRANTS in part** Defendant's Motion (#11) to the extent the Court concludes it does not have the authority to declare that Plaintiff is *prima facie* eligible for naturalization and **DENIES in part** Defendant's Motion to the extent the Court concludes Defendant has jurisdiction to

17 - OPINION AND ORDER

determine Plaintiff's *prima facie* eligibility for naturalization while removal proceedings are pending.

    IT IS SO ORDERED.

    DATED this 20th day of October, 2006.

                                          /s/ Anna J. Brown

                                          _____
                                          ANNA J. BROWN
                                          United States District Judge