IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CUONG QUANG LE,** | 06-CV-49-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **WILLIAM MCNAMEE,** District Director, Oregon District, United States Citizenship & Immigration Service (USCIS), | |
| Defendant. | |

**TILMAN HASCHE**
**DAGMAR BUTTE**
Parker, Bush & Lane, P.C.
1336 E. Burnside, Suite 200
Portland, OR  97214
(503) 241-1320

        Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**KENNETH C. BAUMAN**
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's oral Motion requesting this Court to issue an order requiring Defendant to make a determination as to Plaintiff's *prima facie* eligibility for naturalization.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## FACTUAL BACKGROUND

The factual background relevant to this Motion is recited in the Court's Opinion and Order issued October 20, 2006, and, therefore, is not repeated here.

## PROCEDURAL BACKGROUND

On January 11, 2006, Plaintiff filed a Complaint in this Court seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Plaintiff sought a declaration by this Court (1) as to whether Plaintiff is *prima facie* eligible for naturalization or, in the alternative, (2) that Defendant has jurisdiction to make a determination of Plaintiff's *prima facie* eligibility for naturalization.  If the Court found Defendant has jurisdiction to make a determination as to Plaintiff's *prima facie* eligibility for naturalization, Plaintiff requested an order from the Court requiring Defendant to reopen Plaintiff's Application for Naturalization and to make such a determination.

2 - OPINION AND ORDER

On April 6, 2006, Defendant filed a Motion to Dismiss Plaintiff's Complaint on the grounds that the Court lacked subject-matter jurisdiction and that Plaintiff failed to state a claim.

On October 20, 2006, the Court issued an Opinion and Order in which it denied Defendant's Motion to Dismiss and concluded (1) the Court had jurisdiction to review Defendant's denial of Plaintiff's naturalization application; (2) Defendant properly denied Plaintiff's Application for Naturalization in light of the pending removal proceedings; (3) Defendant still could not "consider" the underlying merits of Plaintiff's Application because the removal proceedings remain pending; (4) the Court lacked jurisdiction to declare whether Plaintiff is *prima facie* eligible for naturalization; and (5) Defendant has jurisdiction to determine Plaintiff's *prima facie* eligibility for naturalization even though removal proceedings are pending.

In light of the Court's Opinion and Order, Plaintiff made an oral Motion at a status conference on October 31, 2006, requesting the Court to issue an order requiring Defendant to make a determination as to Plaintiff's *prima facie* eligibility for naturalization.

## DISCUSSION

Defendant contends the Court lacks jurisdiction to require

3 - OPINION AND ORDER

him to determine Plaintiff's *prima facie* eligibility for naturalization. Plaintiff, however, contends the Court has jurisdiction under either the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq.*, or under a Writ of Mandamus, 28 U.S.C. § 1361.

**I.    The Court Does Not Have Jurisdiction under the APA to Compel Defendant to Make a Determination as to Plaintiff's *Prima Facie* Eligibility for Naturalization.**

Plaintiff contends the Court may order the Defendant to determine Plaintiff's *prima facie* eligibility for naturalization pursuant to § 706(1) of the APA, which provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
>    (1) compel agency action unlawfully withheld or unreasonably delayed.

Defendant concedes § 706(1) allows the Court to compel agency action that is unlawfully withheld. Defendant, however, points out the Supreme Court has held § 706(1) applies only when "the plaintiff asserts that an agency failed to take discrete action that it is required to take." *See Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004). Defendant contends determination of Plaintiff's *prima facie* eligibility for naturalization is a matter "committed to his discretion," and, therefore, it is a determination that Defendant is not required

4 - OPINION AND ORDER

to make under *Norton* and § 706(2).

The Court agrees it cannot compel agency action that is "committed to agency discretion by law."  See 5 U.S.C. § 706(2).

**A.    Section 706(1) of the APA**

The APA authorizes an action by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  28 U.S.C. § 551(13) defines agency action to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."  Section 706(1) of the APA provides a person with relief from an agency's failure to act.  "The important point is . . . a 'failure to act' is properly understood to be limited . . . to a *discrete* action."  *Norton*, 542 U.S. at 63 (emphasis in original).

As noted, "the only agency action that can be compelled under the APA is action legally *required*."  *Id*. (emphasis in original).  As the *Norton* Court explained:

> [T]he APA carried forward the traditional practice prior to its passage, when judicial review was achieved through use of the so-called prerogative writs-principally writs of mandamus under the All Writs Act, now codified at 28 U.S.C. § 1651(a). The mandamus remedy was normally limited to enforcement of a specific, unequivocal command[;] the ordering of a precise, definite act . . . about which [an official] had no discretion whatever. . . .  § 706(1) empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a

5 - OPINION AND ORDER

matter, without directing *how* it shall act. *Id*. (quotations omitted; emphasis in original). "The limitation to *required* agency action rules out judicial direction of even discrete agency action that is not demanded by law (which includes, of course, agency regulations that have the force of law)." *Id*. at 65 (emphasis in original).

**B.   Analysis**

8 C.F.R. § 1239.2(f) provides in pertinent part:

> An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors.

In *Cruz*, the Board of Immigration Appeals (BIA) concluded an alien "may establish *prima facie* eligibility for naturalization by an affirmative communication from the [INS] . . . that the alien would be eligible for naturalization but for the pendency of the deportation proceedings." *In re Cruz*, 15 I&N Dec. 236, 237 (BIA 1975). The BIA set forth the Immigration and Naturalization Service [now the USCIS] responsibilities with respect to a determination of *prima facie* eligibility for naturalization in permissive terms:  *i.e.*, the USCIS may determine a person's *prima facie* eligibility for naturalization, but it is not required to do so.  Under some circumstances, however, the USCIS is required to issue a *prima facie*

6 - OPINION AND ORDER

determination of naturalization. *See, e.g.,* 8 C.F.R. § 245.8(c) ("Upon completion of the adjustment of status interview for a special immigrant under section 101(a)(27)(K) of the Act, the director shall make a prima facie determination regarding eligibility for naturalization benefits."). *See also* 8 C.F.R. § 1245.8(c)(same). Here, however, the USCIS is not obligated under any existing regulation to issue a determination as to a person's *prima facie* eligibility for naturalization pursuant to § 1239.2(f) when a removal proceeding is pending nor has the BIA or any court found the USCIS has a mandatory duty to make such a determination under those circumstances. Thus, even though the Court has concluded Defendant has jurisdiction and discretion to determine Plaintiff's *prima facie* eligibility for naturalization in this case, Defendant is not required by law to do so.

Accordingly, the Court concludes § 706(1) of the APA does not provide a basis for the Court to compel Defendant to determine Plaintiff's *prima facie* eligibility for naturalization.

**II. The Court Does Not Have Jurisdiction to Compel Defendant to Make a Determination as to Plaintiff's *Prima Facie* Eligibility for Naturalization through Mandamus.**

If the Court concludes it cannot order Defendant to make a determination as to Plaintiff's *prima facie* eligibility for naturalization under the APA, Plaintiff contends the Court may do so through mandamus.

**A.    Writ of Mandamus**

7 - OPINION AND ORDER

The Writ of Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 124 S. Ct. 2576, 2586 (2004)(internal quotation omitted).

> [T]he Writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue.  First, the party seeking issuance of the writ must have no other adequate means to attain the relief [s]he desires – a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process.  Second, the petitioner must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable.  Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

Id. at 2587 (internal quotations and citations omitted).

"For mandamus relief, three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003).  "Whether the elements of the mandamus test are satisfied is a question of law reviewed de novo.  The trial court retains discretion in ordering mandamus relief, however, even if all elements are satisfied."  *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 505 (9th Cir. 1997).

**B.  Analysis**

As noted, "the APA carried forward the traditional

8 - OPINION AND ORDER

practice prior to its passage, when judicial review was achieved through use of the so-called prerogative writs-principally writs of mandamus under the All Writs Act, now codified at 28 U.S.C. § 1651(a)." *Norton*, 542 U.S. at 63. In addition, "the Supreme Court has construed a claim seeking mandamus. . ., 'in essence,' as one for relief under § 706 of the APA." *Indep. Mining Co.* 105 F.3d at 507. Accordingly, the Court's analysis of Plaintiff's request for an order requiring Defendant to make a determination as to Plaintiff's *prima facie* eligibility for naturalization in mandamus mirrors its analysis under the APA.

For mandamus relief, Plaintiff must show, among other things, that "the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt." *Johnson*, 349 F.3d at 1154. As noted in the Court's analysis under the APA, Plaintiff has not identified any legal authority that requires Defendant to make a determination as to Plaintiff's *prima facie* eligibility for naturalization; *i.e.*, although Defendant may issue such a determination, Plaintiff has not identified any law "so plainly prescribed as to be free from doubt" that Defendant is required to do so.

Accordingly, the Court concludes mandamus does not provide a basis for the Court to compel Defendant to make a determination as to Plaintiff's *prima facie* eligibility for naturalization.

9 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's oral Motion for an order requiring Defendant to make a determination as to Plaintiff's *prima facie* eligibility for naturalization.

IT IS SO ORDERED.

DATED this 8th day of January, 2007.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER